BILL LOCKYER Attorney General CLAYTON P. ROCHE Deputy Attorney General
THE HONORABLE TONY STRICKLAND, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following question:
May the board of trustees of a school district extend health and welfare benefits to current members of the district's personnel commission?
 CONCLUSION
The board of trustees of a school district may extend health and welfare benefits to current members of the district's personnel commission.
 ANALYSIS
The Legislature has enacted a comprehensive statutory scheme (Gov. Code, §§ 53200-53210)[1] authorizing the legislative body of local agencies, including school districts, to provide health and welfare benefits to their officers and employees. We are asked whether the board of trustees of a school district may extend health and welfare benefits to current members of the district's personnel commission. We conclude that it may do so.
The health and welfare benefits in question are defined in subdivision (d) of Section 53200 as follows:
 "`Health and welfare benefit' means any one or more of the following: hospital, medical, surgical, disability, legal expense or related benefits including, but not limited to, medical, dental, life, legal expense, and income protection insurance or benefits, whether provided on an insurance or a service basis, and includes group life insurance as defined in subdivision (b) of this section."
Pursuant to subdivision (a) of section 53201, health and welfare benefits may be provided to "officers" of the local agency:
 "The legislative body of a local agency, subject to conditions as may be established by it, may provide for any health and welfare benefits for the benefit of its officers, employees, retired employees, and retired members of the legislative body, as provided in subdivision (b), who elect to accept the benefits and who authorize the local agency to deduct the premiums, dues, or other charges from their compensation, to the extent that the charges are not covered by payments from funds under the jurisdiction of the local agency as permitted by Section 53205."
Section 53205, in turn, provides:
 "From funds under its jurisdiction, the legislative body may authorize payment of all, or such portion as it may elect, of the premiums, dues, or other charges for health and welfare benefits of officers, employees, retired employees, former elective members specified in subdivision (b) of Section 53201, and retired members of the legislative body subject to its jurisdiction. . . ." We have previously concluded that the members of a personnel commission of a school district hold "offices." (73 Ops.Cal.Atty.Gen. 197, 201 (1990).)[2]
Their positions are designated "offices" by statute, and they are appointed to fixed terms. (Ed. Code, § 45247) Their duties (Ed. Code, §§ 45250-45320) are clearly those of "officers" of a district. (See 74 Ops.Cal.Atty.Gen. 167, 169 (1991); 73 Ops.Cal.Atty.Gen. 69, 70-74 (1990).)
We find no statutory prohibition against personnel commissioners of a school district receiving health and welfare benefits. They are "officers" authorized to be granted such benefits under the express terms of section 53201. The fact that a commissioner's compensation is limited to $50 per meeting and $250 per month by statute (Ed. Code, § 45250) does not prevent a school district from furnishing health and welfare benefits in addition to such maximum payments. (See 66 Ops.Cal.Atty.Gen. 13, 16 (1983); 54 Ops.Cal.Atty.Gen. 124, 125-126 (1971); 38 Ops.Cal.Atty.Gen. 116, 117 (1961).)
Accordingly, we conclude that the board of trustees of a school district may extend health and welfare benefits to current members of the district's personnel commission.
[1] All references hereafter to the Government Code are by section number only.
[2] We have also concluded that the members of a personnel commission of a county superintendent of schools hold "offices." (71 Ops.Cal.Atty.Gen. 39, 41-42 (1988).)